# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KURT E. JONES, | CV F   04 6257 OWW SMS P |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc. 1, 10) |
| v. | ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK CIVIL RIGHTS FORM |
| ADAMS and WOODFORD, | |
| Defendants. | |

Kurt E. Jones ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on September 14, 2004. An Amended Complaint was filed on February 24, 2005. Plaintiff names as Defendants Warden Adams and the Director of Corrections, Jeanne Woodford in their official capacities. Plaintiff is seeking monetary damages.

**A. SCREENING REQUIREMENT**

1

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF COMPLAINT**

Plaintiff alleges that the CDC has failed to meet American's with Disabilities Act accessibility guidelines.

**C. CLAIMS FOR RELIEF**

*1. Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between

the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Here, Plaintiff has failed to provide any facts to support his allegations. As such, he fails to link the Defendants to an act or omission. The Court will provide Plaintiff with the law that may or may not be relevant to the claim he is attempting to assert.

**2. ADA**

Title II of the Americans with Disabilities Act (ADA) and § 504 of the Rehabilitation Act (RA) "both prohibit discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Section 504 of the RA provides that "no otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U. S. C. § 794. Title II of the ADA and the RA apply to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996).

"To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3)

such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052. "To establish a violation of § 504 of the RA, a plaintiff must show that (1) [he] is handicapped within the meaning of the RA; (2) [he] is otherwise qualified for the benefit or services sought; (3) [he] was denied the benefit or services solely by reason of [his] handicap; and (4) the program providing the benefit or services receives federal financial assistance." Id.

### 3. Official Capacity

In his Complaint, Plaintiff alleges he is suing the Defendants in their official capacities. The Eleventh Amendment bars damages actions against state officials in their official capacity. See Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997); Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1996); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992). For this reason, Plaintiff may not pursue damages claims against the defendants in their official capacities.

### 4. Supervisory Capacity

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

**D. CONCLUSION**

1  The Court finds that Plaintiff's complaint does not contain any claims upon which relief
2  can be granted under § 1983 against any of the Defendants.  The Court will provide Plaintiff with
3  time to file a Second Amended Complaint curing the deficiencies identified above should he
4  wish to do so.

5  Plaintiff must demonstrate in the Amended Complaint how the conditions complained of
6  resulted in a deprivation of his constitutional rights.  See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir.
7  1980).  The Second Amended Complaint must specifically state how each Defendant is involved.
8  Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or
9  connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423,
10 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588
11 F.2d 740, 743 (9th Cir. 1978).

12 Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint
13 be complete in itself without reference to any prior pleading.  As a general rule, an Amended
14 Complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.
15 1967).  Once an Amended Complaint is filed, the original Complaint no longer serves any
16 function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each
17 claim and the involvement of each defendant must be sufficiently alleged.  The Amended
18 Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the
19 appropriate case number, and be an original signed under penalty of perjury.

20 **E.  ORDER**

21  The Court HEREBY ORDERS:
22  1.   The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights
23       complaint form;
24  2.   The AMENDED Complaint is DISMISSED with leave to amend.  WITHIN
25       THIRTY (30) days from the date of service of this order, Plaintiff SHALL:
26       a.   File a SECOND Amended Complaint curing the deficiencies identified by
27            the Court in this Order, or
28       b.   Notify the Court in writing that he does not wish to file an Amended

1       Complaint and pursue the action but instead wishes to voluntary dismiss
2 the case.

3   Plaintiff is forewarned that his failure to comply with this Order may result in a
4 Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

5 IT IS SO ORDERED.

6 **Dated:**   **May 22, 2006**                **/s/ Sandra M. Snyder**
   icido3                                        UNITED STATES MAGISTRATE JUDGE